■ GEORGE A. POLYARD et al., Respondents, et al., Plaintiffs, v ROY NORMAN et al., Defendants, and D. S. REAL ESTATE CORP., Appellant.—In an action, *inter alia,* to (1) enjoin defendants from constructing and maintaining a fence or other structure barring plaintiffs' access to Fort Pond Bay and (2) declare that plaintiffs and each of the parcels on the south side of Navy Road have a permanent easement by necessity, or by prescription, to Fort Pond Bay over the parcel lying between Navy Road and Fort Pond Bay, defendant D. S. Real Estate Corp. appeals from so much of a judgment of the Supreme Court, Suffolk County, dated April 15, 1976, as, after a nonjury trial, (1) declared that appellant's property is subject to "an easement by prescription as an appurtenance" to each of the properties owned by respondents, (2) directed it to remove a certain chain link fence presently in existence along a portion of the southerly side of its property and (3) enjoined it from interfering with the rights of respondents "to pass over the aforesaid easements". Judgment affirmed insofar as appealed from, with costs. The proof of easements by prescription in favor of the plaintiffs-respondents was more than sufficient. Although we deem the statement by the trial court that, "Since we know the *[sic]* people buy homes near the water, the Court will take judicial notice that people usually buy homes near the water to use the facilities", to have been inappropriate, we regard it as harmless under the factual circumstances of this case. We have considered the other points raised by appellant and find them to be without merit. Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.

■ AMINA SHARZA, Appellant, v MORTON CYTRYN, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered June 23, 1977, as is in favor of defendant Cytryn and against her, upon a jury verdict. Judgment reversed insofar as appealed from, on the facts, and new trial granted as between plaintiff and defendant Cytryn, with costs to abide the event. There was no reasonable view of the evidence upon which the jury could have found in favor of defendant Cytryn. Latham, J. P., Damiani, Cohalan and Hawkins, JJ., concur.